# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# BUTTE DIVISION

_____

DANIEL J. KENNEALLY,
ROBERTA L. KENNEALLY,
SCOTT R. JOHNSON, and
LORI K. JOHNSON,

      Plaintiffs,

vs.

JONATHON B. CLARK, VIGDIS J.
CLARK, JENNIFER LEE CLARK,
JACK OSBORNE CLARK, JONATHON
EARLING CLARK, JEFFREY B. CLARK, and
THE ESTATE OF JILL ELIZABETH CLARK,

      Defendants.

CV 10-67-BU-RFC-JCL

FINDINGS AND
RECOMMENDATION

_____

## I. INTRODUCTION

  This declaratory judgment action emanates from the parties' dispute as to whether the Defendants ("the Clarks") possess an easement for access to their property across the Plaintiffs' adjoining properties. The matter is before the Court on Plaintiffs' Fed. R. Civ. P. 56 motion for partial summary judgment. For the reasons stated below, the Court recommends that Plaintiffs' motion be granted to the limited extent discussed.

1

## II.  BACKGROUND

The parties' properties — located in Silver Bow County, Montana — were once all part of an approximate 41-acre tract of land owned by Martin and Rose Lisac.  In 1978, the Lisacs recorded two Certificates of Survey (COS) — COS 80B and COS 81A — which subdivided the referenced tract of land into two separate parcels of approximately 21 acres each.  Contemporaneously, the Lisacs signed a deed conveying the parcel identified in COS 80B to Defendants Jonathan and Vigdis Clark while retaining ownership of the parcel identified in COS 81A.

Later in 1978, Jonathan and Vigdis Clark recorded COS 94 which divided their 21 acres into 7 separate parcels.  In 2010, Jonathan and Vigdis Clark signed deeds conveying 1 parcel to Vigdis Clark, and 5 parcels to members of their family — the other named Defendants in this action.  Jonathan and Vigdis Clark retained joint ownership of 1 of those parcels.

The land identified in COS 81A and retained by the Lisacs in 1978 was comprised of two parcels — Parcels A and B.  The Plaintiffs' land at issue in this case is located within Parcel B.

COS 81A depicts a 1.27-acre strip of land located within Parcel B identified as "Access Road 'A'".  Access Road A is excluded from the legal description of

Parcel B in COS 81A (Dkt. # 41-2), and title to that road was held by the State of Montana.

In 1990, the Lisacs signed and recorded a document titled "EASEMENT". That document purports to grant a 60' wide road easement to Jonathan and Vigdis Clark extending east from Access Road A on COS 81A to the Clark's property. Dkt. # 41-9.

In 1994, the Lisacs signed a deed conveying Parcel B in COS 81A to Martin and Teresa Foote. Dkt. # 41-10. In 1995, the Footes and other third parties recorded a final plat subdividing Parcel B into 5 parcels, thereby creating the Christiaens Minor Subdivision, Plat 191A. Dkt. # 41-4.

Plat 191A depicts several features that are relevant to Plaintiffs' summary judgment motion as follows:

1. Plat 191A shows a tract of land identified as "40' Hillside Drive/Parcel A". The Plat identifies the location of the "Previous Access Road A" depicted in COS 81A, and it notes that "Parcel A relocates Access Road A[.]" Title to Hillside Drive/Parcel A is now held by the Montana Department of Highways. Dkt. # 29, ¶ 11;

2. Plat 191A identifies a "40' Wide Access Easement" connected to the south end of Hillside Drive/Parcel A; and

3. Plat 191A identifies a "60' Road Easement" extending east from Hillside Drive/Parcel A, along the boundary between Parcels 2 and 3 of the Christiaens Minor Subdivision, and continuing east to the western boundary of Defendants' land.

In 1995, Martin and Teresa Foote signed a deed conveying Parcels "2, 3 and 5 of the Christiaens Minor Subdivision plat number 191A" to Daniel and Beverly Christiaens. Dkt. # 41-12. The Christiaens then signed a deed referencing the Christiaens Minor Subdivision Plat 191A and conveying Parcel 3 to Plaintiffs Daniel and Roberta Kenneally. Dkt. # 41-15. The language of this Christiaens-Kenneally deed conveyed Parcel 3 "subject to a 60 foot road easement over and across Parcels 2 and 3 as delineated on" the Christiaens Minor Subdivision Plat 191A. Dkt. # 41-15.

In 1996, Martin and Teresa Foote signed a deed conveying "Parcel No. 4 of the Christiaens Minor Subdivision, Plat 191-A" to Plaintiffs Daniel and Roberta Kenneally. Dkt. # 41-14.

In 2010, Plaintiffs Scott and Lori Johnson acquired Parcel 2 from Mountain West Bank through a deed referring to "Parcel No. 2 of the Christiaens Minor Subdivision Plat 191-A[.]" Dkt. # 41-16.

Plaintiffs' complaint includes a request that the Court declare that the land Defendants own is not entitled to the benefit of either the "40' Wide Access Easement" or the "60' Road Easement" depicted on Plat 191A. Based on that claim Plaintiffs now seek a very limited summary judgment declaration establishing that Defendants "are not entitled to the benefit of the easements

shown on the plat of the Christiaens Minor Subdivision (Plat 191A)[.]"  Dkt. # 39 at 2.  Plaintiffs expressly state they do "not request any ruling with respect to the validity of" the 1990 "EASEMENT" signed by Martin and Rose Lisac, "or with respect to the validity of Defendants' affirmative defenses and counterclaims." Dkt. # 39 at 2.

### III.  APPLICABLE LAW

#### A.  Summary Judgment Standards

Federal Rule of Civil Procedure 56(a) entitles a party to summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  A movant may satisfy this burden where the documentary evidence produced by the parties permits only one conclusion.  *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 251 (1986).

Once the moving party has satisfied his burden, he is entitled to summary judgment unless the non-moving party identifies by affidavits, depositions, answers to interrogatories, or admissions on file, "specific facts showing that there is a genuine issue for trial."  *Celotex Corp. v. Cattrett*, 477 U.S. 317, 324 (1986). A party opposing summary judgment must identify evidence establishing that a dispute as to a particular material fact is genuine.  *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

"In considering a motion for summary judgment, the court may not weigh the evidence or make credibility determinations, and is required to draw all inferences in a light most favorable to the non-moving party." *Freeman v. Arpaio*, 125 F.3d 732, 735 (9th Cir. 1997), abrogated on other grounds as noted in *Shakur v. Schriro*, 514 F.3d 878, 884-85 (9th Cir. 2008).

### B. Application of Montana Law

Because jurisdiction over this action is founded upon diversity of citizenship under 28 U.S.C. § 1332(a), the Court applies the substantive law of Montana, the forum state. *Medical Laboratory Mgmt. Consultants v. American Broadcasting Companies, Inc.*, 306 F.3d 806, 812 (9th Cir. 2002).

## IV. DISCUSSION

### A. Easement-By-Reference Doctrine

Plaintiffs' motion relies, in part, on the easement-by-reference doctrine as developed under Montana law. *See Blazer v. Wall*, 183 P.3d 84 (Mont. 2008). For the reasons discussed, application of the doctrine in this case results in a conclusion that the 1995 Christiaens Minor Subdivision Plat 191A referenced in the various deeds in Plaintiffs' chains of title does not operate to grant the easements depicted in the Plat to the Defendants.

The basic law of easements is well defined under Montana law. An "easement appurtenant" is a non-possessory interest or right held by a landowner which entitles the landowner to use another person's land for a specific purpose. *Blazer*, 183 P.3d at 93 (citations omitted). The easement benefits a particular parcel of land, and passes with the title to that land. *Id*. "The benefitted parcel is known as the 'dominant' tenement or estate, and the burdened parcel is termed the 'servient' tenement or estate." *Id*. An easement appurtenant can exist only where both a dominant and a servient estate exist. *Id*.

Under Montana law, easements can be created only "by an instrument in writing, by operation of law, or by prescription." *Blazer*, 183 P.3d at 93 (citation omitted). An easement can be created through an express written grant of the easement to a grantee, or an express written reservation of an easement in favor of the grantor that encumbers land conveyed to the grantee for the benefit of land retained by the grantor. *Id*., 183 P.3d at 94. The express grant or reservation of an easement may arise directly from the language of the deed, or by language in the deed referring "to a recorded plat or certificate of survey on which the easement is adequately described." *Id*. The latter is known as the easement-by-reference doctrine. *Id*.

Under the easement-by-reference doctrine, where real estate is conveyed through a deed that refers to a recorded plat or certificate of survey, "the plat [or certificate] becomes part of (i.e., is incorporated into) the document conveying the interest in land." *Blazer*, 183 P.3d at 95. Consequently, the doctrine holds that the explicit reference to a plat or certificate on which an easement is "clearly depicted and adequately described" is, by itself, sufficient to create a legally enforceable easement even in the absence of language in the deed expressly granting or reserving the easement. *Id.*, 183 P.3d at 95-98. The doctrine recognizes the easement as having been expressly granted; it is not an implied easement. *Id.*, 183 P.3d at 97-98. Finally, "[a]n easement can be granted or reserved under our easement-by-reference doctrine[.]" *Id.*, 183 P.3d at 95-96, 104.

As developed under Montana law, however, the easement-by-reference doctrine is subject to "an important limitation[.]" *Blazer*, 183 P.3d at 96. An easement can be created in the manner provided by the doctrine "only when the dominant and servient estates are split from single ownership." 183 P.3d at 97. The doctrine applies only "when, *in conjunction with a division of land*, the subject easement is shown on the certificate of survey and the certificate of survey is referred to and incorporated in the deed of conveyance" that severs the dominant and servient estates from single ownership. *Blazer*, 183 P.3d at 97

8

(emphasis in original) (quoting *Ruana v. Grigonis*, 913 P.2d 1247, 1253 (Mont. 1996)). That instrument of conveyance and the related transaction documents are "decisive" in determining whether an easement is granted or reserved under the easement-by-reference doctrine. *Ruana*, 913 P.2d at 1252; *Blazer*, 183 P.3d at 98 (considering only the "decisive" transaction and instrument of conveyance that originally split the dominant and servient estates from single ownership).

In *Ruana*, neither the decisive deed that split the dominant and servient estates, nor the certificate of survey to which that deed referred, depicted an easement. *Ruana*, 913 P.2d at 1253. Therefore, the court concluded that, as a matter of law, the easement at issue in *Ruana* "was not granted or reserved" under the easement-by-reference doctrine. *Id*.

Furthermore, in considering the decisive instrument of conveyance, transactions occurring after the dominant and servient estates are split from single ownership are not part of the decisive transaction and do not effect the creation of an easement under the easement-by-reference doctrine. Specifically, where a certificate of survey is recorded after the decisive transaction and pertains only to the purported servient estate, the deeds referring to that certificate conveying land within the purported servient estate cannot operate to retroactively, or presently grant an easement for the benefit of the purported dominant estate. *Ruana*, 913

P.2d at 1254. Again, those documents are not part of the decisive transaction and, therefore, have "no bearing on [the court's] analysis" under the easement-by-reference doctrine. *Blazer*, 183 P.3d at 98 n.2.

Here, the Plaintiffs argue that based on the easement-by-reference doctrine the "40' Wide Access Easement" and the "60' Road Easement" identified on the Christiaens Minor Subdivision Plat 191A recorded in 1995 do not create easements for the benefit of Defendants' property. Plaintiffs are correct as a matter of law.

Defendants' land is the alleged dominant estate, and Plaintiffs' land is the purported servient estate. These estates, however, were split from single ownership in 1978 when the Lisacs conveyed the 21-acre parcel of land described in COS 80B to Jonathan and Vigdis Clark and retained the land described in COS 81A. Thus, the "decisive" transaction documents are only the 1978 Lisac-Clark deed and the 1978 COS 80B referenced in that deed. Clearly, the 1995 Christiaens Minor Subdivision Plat 191A was not part of, nor referenced in the decisive 1978 Lisac-Clark deed. As a matter of law, a certificate of survey or a plat that is not referred to in the decisive deed cannot serve to create an easement. *Blazer*, 183 P.3d at 100. Consequently, the 1995 Plat 191A does not create any easement in favor of the Defendants under the easement-by-reference doctrine.

Furthermore, in accordance with *Ruana* the subsequent creation of the Christiaens Minor Subdivision Plat 191A did not grant easements which enure to the benefit of Defendants' property. Although the deeds in the Plaintiffs' respective chains of title conveyed land by reference to Plat 191A, those deeds are not part of the decisive 1978 Lisac-Clark transaction. Thus, the reference to Plat 191A in those deeds cannot, as a matter of law, operate to retroactively grant the easements depicted on the 1995 Plat 191A to the Clarks for the benefit of land they originally acquired in 1978. *Ruana*, 913 P.2d at 1254.

In opposition to Plaintiffs' motion Defendants rely upon *Conway v. Miller*, 232 P.3d 390 (Mont. 2010) and its application of the easement-by-reference doctrine. In *Conway*, a real estate developer surveyed and recorded a subdivision plat depicting and identifying a "building restriction line" on Lot 7 in the subdivision. All the deeds conveying individual lots in the subdivision expressly referred to the recorded subdivision plat. The court concluded that the deed conveying Lot 7 by reference to the plat was sufficient to reserve a negative easement in favor of the other lots in the subdivision thereby barring the owner of Lot 7 from building any structure beyond the building restriction line. *Conway*, 232 P.3d at 397.

The holding in *Conway*, however, does not support Defendants' contention that the Christiaens Minor Subdivision Plat 191A created easements in their favor. The easement found in *Conway* was recognized only by virtue of the deed conveying Lot 7 thereby splitting Lot 7 from the developer's single ownership of all of the lots in the subdivision. *Conway*, 232 P.3d at 393, 397. Under the easement-by-reference doctrine, that decisive deed severed the dominant and servient estates and reserved the negative easement — the building restriction line — in favor of the other lots in the subdivision by its reference to the subdivision plat. *Id*. at 397.

Again, because the decisive deed here is the 1978 Lisac-Clark deed, the 1995 Christiaens Minor Subdivision Plat 191A and the subject easements depicted therein were not part of that decisive transaction. Therefore, even under *Conway*, Plat 191A did not operate to create easements in favor of Defendants under the easement-by-reference doctrine.

### B. <u>Strangers to the Deed</u>

Defendants continue to assert they are entitled to the benefit of the easements identified on the Christiaens Minor Subdivision Plat 191A by virtue of the deeds in the Plaintiffs' chains of title. Defendants' assertion fails because they are not parties to any of those deeds.

An easement granted through an instrument of conveyance may only enure to the benefit of a party to that instrument. "[A]n easement cannot be created in favor of a stranger to the deed." *Kelly v. Wallace*, 972 P.2d 1117, 1124 (Mont. 1998) (quoting *Medhus v. Dutter*, 603 P.2d 669, 673 (Mont. 1979)).

Although a stranger to a deed cannot claim entitlement to an easement granted in that deed, if a grantor intends to convey an easement to a stranger or a third party, then the court will give effect to that intent if the grantor's intent is "clearly shown." *Kelly*, 972 P.2d at 1124. The Montana Supreme Court has identified four factors to consider in determining the grantor's intent as follows:

> [1] the express language of the deed; [2] testimony by grantors stating their intent; [3] the fact that the grantor received less value for the property conveyed because of the existence of an easement; and, [4] the sufficiency of the description of the location of the easement and whether or not the reservation names a dominant tenement.

*Kelly*, 972 P.2d at 1124 (quoting *Medhus*, 603 P.2d at 673).

Defendants have not identified any genuine issue as to any material facts that are relevant to the four factors set forth in *Kelly*.[1] Defendants do not point to

---

[1] Defendants assert that Jonathan and Vigdis Clark are parties to the 1990 "EASEMENT" document signed by Martin and Rose Lisac and, thus, are not strangers to that document. As framed by Plaintiffs, however, the instant summary judgment motion does not address the validity of that 1990 document. The subject of Plaintiffs' motion is, instead, premised solely upon the 1995 Christiaens Minor Subdivision Plat 191A and the subsequent deeds conveying parcels in that subdivision. Thus, the issue is whether the Defendants are strangers to those deeds, not whether they are strangers to the 1990 Lisac-Clark "EASEMENT."

any language in any deed in Plaintiffs' chains of title conveying land by reference to the Christiaens Minor Subdivision Plat 191A that expressly grants an easement to Defendants.[2] Also, Defendants have not presented testimony from any grantor in the Plaintiffs' chains of title expressing an intent to grant an easement to the Defendants through any of the deeds that convey land by reference to the Christiaens Minor Subdivision Plat 191A. Defendants do not argue that the purchase price for any of the parcels in the Christiaens Minor Subdivision was reduced due to an easement held by the Defendants.

Finally, the depiction of the "40' Wide Access Easement" and the "60' Road Easement" identified on Plat 191A is not sufficient to grant easements to the Defendants who are strangers to the deeds in Plaintiffs' chains of title. The "express depiction of an easement on a referenced plat or certificate of survey is not sufficient, in and of itself, to create an easement for the benefit of a stranger to the deed." *Blazer*, 183 P.3d at 97 (citing *Kelly*, 972 P.2d at 1125). Thus, because Defendants are strangers to the deeds that refer to Plat 191A, those deeds did not create easements in favor of the Defendants.

---

[2]The Court notes that the Kenneally's deed to Parcel 3 states that the conveyance is "subject to a 60 foot road easement over and across Parcels 2 and 3 as delineated on" the Christiaens Minor Subdivision Plat 191A. Dkt. # 41-15. Under Montana law, however, it is well established that this "subject to" clause does not create, grant, or reserve easement rights in favor of any party. *Blazer*, 183 P.3d at 94. Defendants concede this matter of law.

## V. CONCLUSION

Based on the foregoing, IT IS HEREBY RECOMMENDED that Plaintiffs' Motion for Summary Judgment be GRANTED to the limited extent framed by their motion. Specifically, it is recommended that the Court enter a declaration establishing that the Christiaens Minor Subdivision Plat 191A, and the deeds conveying title to parcels in that subdivision by reference to Plat 191A, in and of themselves, do not create or grant to the Defendants either the "40' Wide Access Easement" or the "60' Road Easement" depicted in Plat 191A.

This recommendation does not express any findings or conclusions regarding the legal validity of the 1990 "EASEMENT" signed by the Lisacs. As noted by Defendants, it is possible that one or more of the easements depicted on Plat 191A may reflect or "show" an easement held by the Defendants that was previously granted to them by virtue of some other instrument of conveyance, transaction, or legal theory.

Finally, this recommendation also does not express any ruling "with respect to the validity of Defendants' affirmative defenses and counterclaims." Dkt. # 39 at 2.

DATED this 21st day of September, 2011.

                                              /s/ Jeremiah C. Lynch
                                              Jeremiah C. Lynch
                                              United States Magistrate Judge