FILED
BILLINGS DIV.
2011 OCT 18 PM 1 16
PATRICK E. DUFFY, CLERK
BY_____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BUTTE DIVISION

| | |
|---|---|
| DANIEL J. KENNEALLY AND ROBERTA L. KENNEALLY, SCOTT R. JOHNSON AND LORI K. JOHNSON,<br><br>Plaintiffs,<br><br>v.<br><br>JONATHON B. CLARK, VIGDIS J. CLARK, JENNIFER LEE CLARK, JACK OSBORNE CLARK, JONATHON EARLING CLARK, JEFFREY B. CLARK, and the ESTATE OF JILL ELIZABETH CLARK<br><br>Defendants | Cause No. CV-10-67-BU-RFC-JCL<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS OF U.S. MAGISTRATE JUDGE |

Plaintiffs filed this action seeking a declaratory judgment that Defendants ("the Clarks") do not have an easement to access their properties across Plaintiffs adjoining properties. Magistrate Judge Lynch recommends this Court grant Plaintiffs motion for partial summary judgment and declare that the Christiaens Minor Subdivision Plat 191A, and the deeds conveying title to parcels in that

1

subdivision by reference to Plata 191A, in and of themselves, do not create or grant to the Defendants either the "40' Wide Access Easement" or the "60' Road Easement" depicted in Plat 191A. *Doc. 47.*

Upon service of a magistrate judge's findings and recommendation, a party has 14 days to file specific written objections. 28 U.S.C. § 636(b)(1); Rule 72(b)(2) Fed.R.Civ.P. This Court must then determine de novo any part of the Findings and Recommendations that has been properly objected to. Rule 72(b)(3) Fed.R.Civ.P. Although Defendants filed a document purportedly containing objections, it does not contain *specific* objections. Rather than cite any specific findings of fact or conclusions of law that Defendants believe Judge Lynch made in error, Defendants incorporate by reference and reiterate the facts stated in their Statement of Genuine Issues and the arguments made in their briefs. *Doc. 50.*

Objections to a magistrate's Findings and Recommendations are not a vehicle for the losing party to relitigate its case. *See Camardo v. General Motors Hourly-Rate Employees Pension Plan*, 806 F.Supp. 380, 382 (W.D.N.Y.1992). This is why Rule 72(b)(2) Fed.R.Civ.P. requires an objecting party to file "specific written objections" and Rule 72(b)(3) only requires the district judge to review decisions of the magistrate judge that have been "properly objected to." Congress created the position of magistrate judge assist district judges to provide district

judges "additional assistance in dealing with a caseload that was increasing far more rapidly than the number of judgeships." *Thomas v. Arn*, 474 U.S. 140, 153, 106 S.Ct. 466, 88 L.Ed.2d 435, (1985) (internal quotations omitted). Since there is no net efficiency in referring the matter to a magistrate judge if this court must still review the entire matter de novo because the objecting party merely repeats the arguments rejected by the magistrate, this Court follows other courts that have overruled general objections without analysis. *See Sullivan v. Schiro*, 2006 WL 1516005, *1 (D.Ariz.2006) (collecting cases).

The absence of proper objections, however, does not relieve the Court of its duty to review de novo Magistrate Judge Lynch's conclusions of law. *Barilla v. Ervin*, 886 F.2d 1514, 1518 (9th Cir.1989), overruled on other grounds by *Simpson v. Lear Astronics Corp.*, 77 F.3d 1170, 1174 (9th Cir.1996).

Here, Magistrate Judge Lynch correctly applied the easement-by-reference doctrine. Specifically, since the 1995 Christiaens Minor Subdivision Plat 191A was not in existence when the subject land was split from single ownership in 1978, it could not have been referenced in the decisive deed and could not have created the easement sought by Defendants. *Doc. 47, pp. 8-10, citing Blazer v. Wall,* 183 P.3d 84, 96-98, 100 (Mont. 2008); *Ruana v. Grigonis*, 913 P.2d 1247, 1252-54 (1996). Further, since there is no evidence that the grantor clearly

3

intended to grant an easement to Defendants, Magistrate Judge Lynch correctly concluded the exception to the rule that a stranger to a deed cannot claim entitlement to an easement is inapplicable. *Doc. 47, pp. 12-14, citing Kelly v. Wallace,* 972 P.2d 1117, 1124-25 (Mont. 1998).

Having concluded that Magistrate Judge Lynch's Findings and Recommendations are well-grounded in law and fact, they are adopted in their entirety.

Accordingly, **IT IS HEREBY ORDERED** that Plaintiffs' Motion for Summary Judgment (*doc. 39*) is **GRANTED:** the Christiaens Minor Subdivision Plat 191A, and the deeds conveying title to parcels in that subdivision by reference to Plat 191A, in and of themselves, do not create or grant to the Defendants either the "40' Wide Access Easement" or the "60' Road Easement" depicted in Plat 191A.

DATED this 18th day of October, 2011.

RICHARD F. CEBULL
UNITED STATES DISTRICT JUDGE